UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR LAYTEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV212 HEA |
| | ) | |
| STEVE LARKINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court for review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e). For the reasons stated below, the Court finds that this action should be dismissed prior to service of process.

### **Standard**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir.

1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. §§ 1983 & 1985. Plaintiff is confined at Eastern Reception Diagnostic and Correctional Center ("ERDCC"). Plaintiff claims that ERDCC is a C-5 facility, meaning that it is meant to house class 5 prisoners, i.e., those who belong in a maximum security facility or those who are on death row. Plaintiff says that he is a C-4, or class 4, inmate and that, as a C-4 inmate, he should be allowed more freedoms and privileges than C-5 prisoners. For instance, plaintiff says that he does not get as much recreation time or law library time as those C-4 prisoners who are housed in C-4 institutions. Plaintiff believes that his placement in ERDCC violates his right to due process and his right to be free from cruel and unusual punishment.

**Discussion**

To prevail on a § 1983 claim for unconstitutional classification, an inmate must first show that he has a protected liberty interest "in receiving or obtaining a particular classification." *Slezak v. Evatt*, 21 F.3d 590, 593-94 (4th Cir. 1994); *see Griffin-El v. Delo*, 34 F.3d 602, 604 n. 3 (8th Cir. 1994). There is no protected liberty interest in

a particular classification "[a]s long as the [challenged] conditions or degree of confinement . . . [are] within the sentence imposed . . . and [are] not otherwise violative of the Constitution." *Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *see Slezak v. Evatt*, 21 F.3d 590, 593-94 (4th Cir. 1994); *Nash v. Black*, 781 F.2d 665, 668 (8th Cir. 1986). The conditions of plaintiff's confinement are not otherwise violative of the Constitution. For example, plaintiff's law library claims are frivolous because he has not alleged that he has suffered an injury to an actual legal case. *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). Moreover, prisoners have no justifiable expectation that they will be incarcerated in any particular prison within a state. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Murphy v. Missouri Dept. of Correction*, 769 F.2d 502, 503 (8th Cir. 1985). As a result, plaintiff's classification claims are legally frivolous and subject to dismissal pursuant to 28 U.S.C. § 1915(e).

To establish a claim under § 1985(3), plaintiff must establish that (1) he is a member of a class suffering from invidious discrimination, and (2) defendants' actions were motivated by racial animus or some other type of class-based discrimination. *United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 834-39 (1983); *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (plaintiff must allege these two elements to state § 1985(3) claim). Nothing in the complaint indicates that defendants were motivated by purposeful discrimination. Furthermore, nothing in the complaint

indicates that plaintiff is a member of a protected class. As such, plaintiff's § 1985(3) claim will be dismissed as legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 6th day of April, 2010.

                                HENRY EDWARD AUTREY
                                UNITED STATES DISTRICT JUDGE